**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL T. YOUNG,
     a/k/a ANTHONY PRYOR,

     Petitioner,                    Civil No. 05-CV-71500-DT
                                        HONORABLE PAUL D. BORMAN
v.                                  UNITED STATES DISTRICT JUDGE

GERALD HOFBAUER,

     Respondent.
_____/

<u>OPINION AND ORDER OF SUMMARY DISMISSAL</u>

       Michael T. Young, ("petitioner"), presently confined at the Marquette Branch Prison in Marquette, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges the Michigan Department of Corrections' (M.D.O.C.) decision to forfeit sentencing credits on his 1990 convictions for delivery of less than fifty grams of cocaine and possession of less than twenty five grams of cocaine. Petitioner claims that if these credits were restored, the correct expiration date for his maximum sentences would be May 21, 2006. Respondent has filed a motion to transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). For the reasons stated below, the motion to transfer shall be denied. However, the Court will dismiss the petition without prejudice on the ground that petitioner has failed to plead or prove that he exhausted his state court remedies prior to filing this petition.

     **A.  Respondent's motion to transfer the habeas petition to the Sixth Circuit**

1

**pursuant to 28 U.S.C. § 2244(b)(3)(A) will be denied.**

Respondent has moved for this Court to transfer the petition for writ of habeas corpus to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A), on the ground that the application is a "second or successive" petition for habeas relief. Respondent contends that petitioner previously challenged the M.D.O.C. 's decision to deny him parole release. *See Pryor v. Curtis*, U.S.D.C. 01-71120-DT (E.D. Mich. October 23, 2001)(Duggan, J.); *appeal dism.* U.S.C.A. 01-2663 (6th Cir. July 9, 2002); *cert. den.,* 537 U.S. 1197 (2003).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997).

The burden of demonstrating whether a current habeas petition is second or successive, for purposes of § 2244(b)(3)(A), should be on the government or the

2

respondent. *See Thomas v. Superintendent/Woodburne Correctional Facility,* 136 F. 3d 227, 229 (2nd Cir. 1997).  In making the determination whether a habeas petition is "second or successive," for purposes of § 2244(b)(3)(A), a district court must determine whether a prior habeas petition was dismissed with prejudice and whether the instant petition attacks the same judgment that was attacked in the prior habeas petition. *Id.*

Petitioner's prior 2001 petition involved a claim that the Michigan Parole Board wrongly denied him parole on his delivery of cocaine conviction.  Petitioner's current habeas petition alleges that the M.D.O.C. has wrongly forfeited his sentencing credits on both of his drug convictions, which has effected the M.D.O.C.'s calculation of petitioner's release date.  Petitioner did not, however, previously challenge the forfeiture of sentencing credits in his 2001 petition, hence, the current petition would not be a second or successive habeas petition. *Compare Marques v. Abbiot,* 100 Fed. Appx. 722, 723-24 (10th Cir. 2004)(successive and abusive nature of habeas corpus petition by which state prisoner sought to challenge state's method of calculating sentencing credits, an issue already raised and disposed of in prisoner's prior habeas action, warranted dismissal of petition with prejudice).  Accordingly, respondent has failed to sustain his burden of establishing that the instant petition is "second or successive" and the motion to transfer shall be denied.


**B.  The petition for writ of habeas corpus will be dismissed without prejudice because petitioner has failed to plead or prove that he exhausted his state court remedies.**

3

The instant petition is nonetheless subject to dismissal because there is no indication that petitioner has exhausted his claims with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The AEDPA preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). As a general rule, a federal district court should dismiss a habeas petition that contains unexhausted claims. *Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

In this case, there is no indication that petitioner has presented his claims to the state courts. Petitioner could seek the restoration of his disciplinary credits through a state habeas petition. Michigan courts have permitted challenges to the loss of good-time credits which resulted from a prison misconduct conviction to be brought in a state habeas corpus petition. *See In Re Walsh,* 87 Mich. 466; 49 N.W. 606 (1891); *Butler v. Warden, Marquette Prison,* 100 Mich. App. 179; 298 N. W. 2d 701 (1980). A prisoner in

4

Michigan may likewise file a state petition for writ of habeas corpus to raise a claim that the Michigan Department of Corrections does not have authority to continue his incarceration because he has completed his prison sentence. *See Cross v. Department of Corrections,* 103 Mich. App. 409, 414; 303 N.W. 2d 218 (1981).  Although orders of denial in a state habeas corpus proceeding in Michigan are not appealable by right, these orders may be reviewed by filing an original complaint for a writ of habeas corpus in the Michigan Court of Appeals. *Triplett v. Deputy Warden,* 142 Mich. App. 774, 779-780; 371 N. W. 2d 862 (1985); *See also Parshay v. Warden of Marquette Prison,* 30 Mich. App. 556, 558; 186 N. W. 2d 859 (1971).  There is no limitation on the time in which a complaint for a writ of habeas corpus may be filed, so long as the prisoner is in custody at the time that the judgment becomes effective. *Triplett,* 142 Mich. App. at 779.  Denial of this petition by the Michigan Court of Appeals is reviewable by the Michigan Supreme Court by filing an application for leave to appeal. M.C.R. 7.301 (A)(2); M.C.R. 7.302.

## **ORDER**

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**




s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 21, 2005.



s/Jonie Parker
Case Manager

6